# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EITAN BARR,** *Plaintiff,* v. **MACYS.COM, LLC**, *Defendant.* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Eitan Barr ("Plaintiff" or "Barr") brings this Class Action Complaint and Demand for Jury Trial against Defendant Macys.com, LLC ("Defendant" or "Macy's") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") by sending telemarketing text messages to consumers who have specifically asked the Defendant to stop texting them. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Eitan Barr is a resident of Brandon, Florida.

2. Defendant Macy's is an Ohio limited liability company headquartered in New York. Defendant Macy's conducts business throughout this District and the U.S.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

4. This Court has personal jurisdiction over the Defendant and the Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is located in this District and the wrongful conduct giving rise to this case was directed to the Plaintiff from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. The FTSA similarly prohibits initiating "an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously

communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission [..] made by or on behalf of the seller whose goods or services are being offered." *See* Fla. Stat. § 501.059 (5)(a).

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in August 2022 alone, at a rate of 144.4 million calls per day. www.robocallindex.com (last visited September 12, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

14. Defendant Macy's is a retail brand which sells fashion products to consumers across the U.S.[3]

15. Defendant Macy's sends telemarketing text messages to consumers to solicit their fashion products, including to consumers who have explicitly requested Defendant to stop texting their phone numbers.

16. For example, in Plaintiff Barr's case, Defendant Macy's sent multiple solicitation text messages to his cell phone, including at least one text message after Plaintiff Barr specifically instructed Defendant to stop sending solicitation text messages his phone number.

17. In response to these unwanted telemarketing text messages, Plaintiff Barr brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF BARR'S ALLEGATIONS

18. Plaintiff Barr is the subscriber and the sole user of the cell phone number ending with xxx-xxx-1024.

19. In July 2022, Plaintiff Barr started receiving solicitation text messages from Defendant Macy's using the short code 62297.

20. On July 16, 2022, in response to Defendant's solicitation text message, Plaintiff Barr replied with "Stop" to stop Defendant from sending any more telemarketing text messages to Plaintiff's cell phone. Defendant Macy's acknowledged Plaintiff's stop request and confirmed that Plaintiff was "unsubscribed and will no longer receive promotional texts from Macy's."

---

[3] https://www.linkedin.com/company/macy/about/

4



21. Despite acknowledging Plaintiff's stop request and confirming that Plaintiff would not receive any more promotional text messages from Defendant, Defendant continued to send telemarketing text messages to Plaintiff Barr's cell phone.

22. On July 19, 2022, at 12:34 PM, Plaintiff Barr received another telemarketing text message on his cell phone from Defendant Macy's using the same short code 62297 and states "Get shopping" with a shortened url, which redirects the consumers to Defendant's online store at their website, www.macys.com, where Defendant offers to sell their products.



23. Defendant Macy's uses this short-end url, "mcys.co/…" frequently on their social media sites when directing consumers to their website.

6



24. On texting help to this short code, 62297, an automated response from Defendant Macy's is received.



25. Defendant Macy's customer service website provides ways to opt-out of receiving promotional text messages from Defendant's short code 62297:

---

[4] https://twitter.com/macys

**Opt out of Macy's text messages**

You can text any of the following words to 62297 to opt out of all future Promo Alert messages, or 31292 to opt out of all future Security Alert messages. Standard carrier rates apply.

- STOP
- END
- QUIT
- CANCEL
- UNSUBSCRIBE

Please note: These words are not case sensitive. You will receive a text confirming the opt out.

You can also manage your text message notifications online. [5]

26. The unauthorized telemarketing text messages that Plaintiff received from or on behalf of the Defendant have harmed Plaintiff Barr in the form of annoyance, nuisance, and invasion of privacy, occupation of his phone line and disturbance of the use and enjoyment of his phone, wear and tear on the phone's hardware (including the phone's battery), and consumption of memory on the phone

27. Seeking redress for these injuries, Plaintiff Barr, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA and the FTSA.

**CLASS ALLEGATIONS**

28. Plaintiff Barr brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant texted more than one time, (2) within any 12-month period, (3) for substantially the same reason that Defendant texted Plaintiff, (4) including at least once after the person requested that Defendant or its agent to stop calling.

**Florida Stop Request Class:** All persons in Florida, who, on or after July 1, 2021, (1) Defendant (or an agent acting on behalf of the Defendant) called or texted (2) at least one time after they requested Defendant or its agent to stop calling or texting.

---

[5] https://customerservice-macys.com/articles/how-do-i-unsubscribe-from-macys-emails-and-text-messages

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant sent multiple text messages to Plaintiff and members of the Internal Do Not Call Class including at least one after the consumer requested that Defendant stop;

(b) whether Defendant failed to maintain adequate policies and procedures for maintaining an internal do not call list;

(c) whether Defendant or their agents placed calls and texts to Plaintiff and other members of the Florida Stop Request Class including at least once after the consumer requested Defendant or their agent to stop calling or texting;

(d) whether the text messages violated the TCPA and the FTSA;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Barr and the Internal Do Not Call Class)**

34. Plaintiff Barr repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

36. Defendant, or an agent calling on behalf of Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls.

37. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

38. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**SECOND CLAIM FOR RELIEF**
Florida Telephone Solicitation Act
Violation of Fla. Stat. § 501.059
**On Behalf of Plaintiff Barr and the Florida Stop Request Class**

39. Plaintiff Barr repeats and incorporates the allegations set forth in paragraphs 1 through 33 of this complaint as if fully set forth herein.

40. Plaintiff Barr brings this claim individually and on behalf of the Florida Stop Request Class Members against Defendant.

41. The FTSA prohibits "a telephone solicitor or other person" from initiating "an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission, made by or on behalf of the seller whose goods or services are being offered." Fla. Stat. § 501.059(5)(a).

42. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

43. In violation of the FTSA, Defendant initiated multiple outbound solicitation calls to Plaintiff Barr, and other members of the Florida Stop Request Class, who had previously communicated to Defendant that they did not wish to receive any solicitation calls from or on behalf of Defendant.

44. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Barr and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Barr and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barr individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Barr requests a jury trial.

DATED this 14th day of September, 2022.

        **EITAN BARR**, individually and on behalf of all others similarly situated,

        By: /s/ *Stefan Coleman*
        Stefan Coleman
        law@stefancoleman.com
        Law Offices of Stefan Coleman
        11 Broadway, Suite 615
        New York, NY 10001
        Telephone: (877) 333-9427

Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*

*\* Lead Counsel for Plaintiff and the putative Classes*