**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

**EITAN BARR,**

                      1:22-cv-07867 (ALC)

                Plaintiff,

                v.                      **OPINION & ORDER**

**MACYS.COM, LLC,**

                *Defendant.*

-----------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

       Plaintiff Eitan Barr brings this class action against Defendant retailer Macy.com LLC for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA") and its implementing regulation 47 C.F.R. 64.1200(d), as well as the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

       Plaintiff initiated this action on September 15, 2022. ECF No. 1, Compl. Plaintiff alleges he received unauthorized telemarketing text messages from Defendant. *Id.* at ¶ 26. He seeks injunctive relief requiring the Defendant to cease from violating the TCPA and the FTSA, as well as an award of statutory damages to the members of the TCPA and the FTSA Classes ("Proposed Classes") and costs. *Id.* at ¶ 17. On December 21, 2022, Defendant filed a motion to dismiss the Complaint with prejudice for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). ECF No. 20. In the alternative, Defendant seeks to transfer the action to the District Court for the Middle District of Florida. On January 11, 2023 Plaintiff filed a response in opposition to the Defendant's motion. ECF No. 22. On January 18, 2023 Defendant filed a reply. ECF No. 23.

After careful consideration, Defendant Macys.com, LLC's motion to dismiss the TCPA claim for failure to state a claim is hereby **GRANTED**. Since the Court lacks original jurisdiction over the FTSA claim and declines to exercise supplemental jurisdiction over that claim, the FTSA claim is dismissed for lack of jurisdiction. Because the Court has dismissed all claims, it does not need to reach Defendant's motion to transfer.

## BACKGROUND

Plaintiff is an active cell phone user and in July 2022, he began receiving solicitation text messages from Defendant Macys.com, LLC.[1] Compl. at ¶ 19. Plaintiff is a resident of Brandon, Florida. *Id.* at ¶ 1. Defendant Macys is an Ohio limited liability company headquartered in New York. *Id.* at ¶ 2. On July 16, 2022 and in accordance with Defendant's instructions for opting out, Defendant replied "STOP" to Defendant's text to stop Defendant from sending text messages to Plaintiff's cell phone. *Id.* at ¶¶ 20, 25. Plaintiff received an acknowledgment of his request to stop the solicitation: "Macy's: Sorry to see you go! You're unsubscribed and will no longer receive promotional texts from Macy's." *Id.* On July 19, 2022, three days and one business day from the request, Plaintiff received another solicitation text message from Defendant. *Id.* at ¶ 22. On this occasion Defendant sent Plaintiff a text to "Get Shopping" and included a shortened URL link to its website. *Id.* Plaintiff alleges that receiving a solicitation text from Defendant after he requested to unsubscribe harmed him "in the form of annoyance, nuisance, and invasion of privacy, occupation of his phone line and disturbance of the use and enjoyment of his phone, wear and tear on the phone's hardware[.]" *Id.* at ¶ 26. Under 47 C.F.R. § 64.1200(d)(1):

> No person or entity shall initiate any artificial or prerecorded-voice
> telephone call pursuant to an exemption under paragraphs (a)(3)(ii)

---

[1] Defendant used the short code 62297 for solicitation text messages to Plaintiff.

> through (v) of this section or any call for telemarketing purposes to
> a residential telephone subscriber *unless* such person or entity has
> instituted procedures for maintaining a list of persons who request
> not to receive such calls made by or on behalf of that person or
> entity.

*Id.* (emphasis added). The statute lists the minimum standards for these Internal DNC

procedures, including maintaining a written policy, training personnel, and recording DNC

requests. 47 C.F.R. § 64.1200(d)(1)-(6). Plaintiff alleges that at the time Defendant contacted

him, it did not maintain an internal Do Not Call ("DNC") registry, in violation of 47 C.F.R. §

64.1200(d)(1). Compl. at ¶ 36.

Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), Plaintiff seeks to

represent two classes: (1) the Internal DNC Class under 47 U.S.C. § 227, (2) and the Florida

Stop Request Class under Fla. Stat. § 501.059. *Id.* at ¶ 28. Plaintiff seeks certification of the

Classes, with certain exclusions:[2]

- **Internal DNC Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant texted more than one time, (2) within any 12-month period, (3) for substantially the same reason that Defendant texted Plaintiff, (4) including at least once after the person requested that Defendant or its agent to stop calling.
- **Florida Stop Request Class:** All persons in Florida, who, on or after July 1, 2021, (1) Defendant (or an agent acting on behalf of the Defendant) called or texted (2) at least one time after they requested Defendant or its agent to stop calling or texting.

*Id.* Plaintiff alleges the Proposed Classes share multiple common questions, including receiving

at least one unwanted text message from Defendant after requesting Defendant to stop, and

whether the messages violated the TCPA and the FTSA. *Id.* at ¶ 31. For Defendant's alleged

violation of the FTSA and TCPA, Plaintiff seeks damages and injunctive relief for the Proposed

Classes. *Id.* at ¶¶ 17, 44.

## STANDARD OF REVIEW

---

[2] Compl. at ¶ 29.

## I.      Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.     Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

### III.     Motion to Transfer

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue, the Court must first consider whether this case could have been brought in the transferee district. If venue would have been proper in the transferee district, the Court next considers whether transfer is in the interests of convenience and justice. *Barry v. United States*, No. 21-CV-7684 (BCM), 2022 WL 4467504, at *4 (S.D.N.Y. Sept. 26, 2022).

To make this determination, district courts consider several factors:

> (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Id.*

## DISCUSSION

### I.      Telephone Consumer Protection Act ("TCPA")

The TCPA, 47 U.S.C § 227(a)(1), was enacted to protect consumers from unsolicited and unwanted telephone calls. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Serv., LLC*, 565 U.S 368, 370–71 (2012). The TCPA principally prohibits four practices in telemarketing which includes "using artificial or prerecorded voice messages to call residential telephone lines without prior express consent." *Id.* at 373. *See also* 47 U.S.C § 227(b)(1)(B). The TCPA, in part, makes it:

> unlawful ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(l)(A)(iii). The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Unsolicited advertisement is defined under the act as "any material advertising the commercial availability or quality of any property goods, or services which is transmitted to any

person without that person's prior express invitation or permission, in writing or otherwise." 47

U.S.C. § 227(a)(5). The TCPA grants citizens a private right of action against parties that violate

Section 227(c) of the act. 47 U.S.C. § 227(c)(5). It "creates a private right of action, providing

for statutory damages in the amount of $500 for each violation as well as injunctive relief against

future violations." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d

92, 94–95 (2d Cir. 2017).

### a. Plaintiff's Complaint Fails to Allege Facts Sufficient to Hold Defendant in Violation of the TCPA.

A plaintiff bringing a TCPA claim must allege that: "(1) a call was placed to a cell or

wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or

prerecorded message] and (3) without prior consent of the recipient." *Echevvaria v. Diversified*

*Consultants, Inc.*, No. 13 Civ. 4980 (LAK) (AJP), 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28,

2014) (citation omitted); 47 U.S.C. § 227(b)(l). In its motion to dismiss, Defendant challenges

Plaintiff's TCPA claim on two bases: (1) failure to allege that Defendant lacks an internal DNC

policy in violation of 47 C.F.R. § 64.1200(d)(1); and (2) the thirty-day rule under 47 C.F.R. §

64.1200(d)(3) bars Plaintiff's claim.

For a TCPA claim under 47 C.F.R. § 64.1200(d) to survive a motion to dismiss, "a

plaintiff must show that the entity placing the calls failed to institute the proper procedures *prior*

*to the initiation of the call*." *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D.

Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) (emphasis added). *See also Benzion v. Vivint,*

*Inc.*, No. 12-61826-CIV, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) (same). Subsection

(d) "simply requires the institution of certain procedures prior to the initiation of telemarketing

calls. . . . If the procedures required by (d) are not in place prior to a call being made, the caller

can be held liable." *Gulden v. Quicken Loans Inc.*, No. CV-16-00960-PHX-ROS, 2016 WL

9525223, at *3 (D. Ariz. May 31, 2016) (citing *Simmons*, 222 F. Supp. 3d at 131) (quotation

marks omitted). "There is no statutory safe harbor for a violation of the requirement to have

procedures in place prior to the initiation of a call." *Simmons*, 222 F. Supp. 3d at 131.

Plaintiff may request a copy of defendant's Internal DNC to bolster his claim. *Perrong v.

Brief Call Inc.*, No. 22-CV-04128 (PGG)(SN), 2023 WL 6005963, at *4 (S.D.N.Y. Aug. 7,

2023) (taking into account that plaintiff requested a copy of defendant's Internal DNC and

relevant policies). A plaintiff did "not plausibly allege an internal do not call list violation" when

he "did not request a copy of the Do Not Call Registry from Defendants." *Rahimian v. Adriano*,

No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022) (dismissing

plaintiff's § 64.1200(c) claim for failure to state a claim).

Under 47 C.F.R. § 64.1200(d)(3), defendants will be held liable for failure to comply

with a DNC request to not be called within a reasonable time, despite having procedures in

place:

> Persons or entities making such calls (or on whose behalf such
> calls are made) must honor a residential subscriber's do-not-call
> request within a reasonable time from the date such request is
> made. This period may not exceed 30 days from the date of such
> request. If such requests are recorded or maintained by a party
> other than the person or entity on whose behalf the call is made,
> the person or entity on whose behalf the call is made will be liable
> for any failures to honor the do-not-call request.

*Id.* Additionally, defendants "must maintain a record of a consumer's request not to receive

further calls. A do-not-call request must be honored for 5 years from the time the request is

made." 47 C.F.R. § 64.1200(d)(4). The thirty-day provision under section 64.1200(d)(3) has

been interpreted to mean defendants have a thirty-day period to comply with the request.

*Simmons*, 222 F. Supp. 3d at 139; *see also Orsatti v. Quicken Loans, Inc.*, No. 2:15-CV-09380 (SVW) (AGR), 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (same); *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (characterizing the provision as a "30–day grace period"); *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1065 (D. Or. 2014) (same). Other courts have declined to determine the reasonableness of contacting plaintiff during the thirty-day period. *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *6 (S.D. Fla. Mar. 31, 2017); *see also Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *7 (M.D. Fla. Mar. 15, 2018) ("a jury must decide whether Quicken honored Nece's do-not-call request in a reasonable time.").

The court will evaluate the quantity of unwanted messages plaintiff received after his request to not be contacted. In *Simmons*, the court declined to find a violation of the TCPA when defendant thrice contacted plaintiff in the 30 days following plaintiff's request to not be contacted. 222 F. Supp. 3d at 140–41. The *Simmons* court found "[n]o authority holds that subsection (d)(3) punishes single violations of an entity's otherwise proper procedures." *Id.*

Here, Plaintiff sets forth a conclusory allegation that at the time Defendant contacted him, it violated 47 C.F.R. § 64.1200(d)(1) because it failed to "implement[] internal procedures for maintaining" and internal DNC registry and/or failed to "implement[] procedures that [met] the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls." Compl. at ¶ 36. Plaintiff has failed to state a claim that Defendant violated subsection (d)(1). *Rahimian*, 2022 WL 798371, at *3; *see also Perrong*, 2023 WL 6005963, at *4. A plaintiff may bolster her subsection (d)(1) allegation by requesting an Internal DNC list from defendant. *Id.* There is no evidence Plaintiff made such a request. Other than his conclusory allegation that Defendant lacked an Internal DNC, Plaintiff has failed to adequately dispute the existence of

Defendant's Internal DNC list and policies, or that Defendant's procedures were lacking in any way.

Neither has Plaintiff significantly alleged a violation of subsection (d)(3) for failure to honor Plaintiff's request to not be contacted. Compl. at ¶¶ 16–17, 28. Plaintiff texted his request to not be contacted to Defendant on July 16, 2022. *Id.* at ¶ 20. He alleges Defendant contacted him on July 19, 2022, three days and one business day after his request. *Id.* at ¶ 22. But "[t]he mere fact that he received a call after his [] request is not a subsection (d)(3) violation." *Simmons*, 222 F. Supp. 3d at 140 (finding no violation where plaintiff was contacted thrice by defendant during the thirty-day period). Under 47 C.F.R. § 64.1200(d)(3), a defendant must comply with a DNC request within 30 days. As long as Defendant had a proper procedure in place to "implement its DNC policy, no reasonable jury could find for [Plaintiff] on his claim of a violation of subsection (d)(3)." *Simmons*, 222 F. Supp. 3d at 140. Here, the Court struggles to see how failure to comply with Plaintiff's DNC request within one business day could be unreasonable. *See Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (dismissing plaintiff's subsection (d)(3) claim because "one day is a reasonable grace period"). Again, Plaintiff has also not put forward evidence that Defendant lacked a proper procedure at the time the contact was made. Therefore, Plaintiff's TCPA claims must be dismissed.

## II.     Florida Telephone Solicitation Act ("FTSA")

The FTSA prohibits initiating "an outbound telephone call, text message, or voicemail transmission to a consumer . . . who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive" that form of communication "made by or on behalf of the seller whose goods or services are being offered." Fla. Stat. § 501.059 (5)(a). An aggrieved party may bring suit to enjoin a violation of the FTSA and to recover damages of

$500. § 501.059(10)(a). To recover damages under the statute, a plaintiff must notify the telephone solicitor that they do not wish to be contacted by texting "STOP" to the solicitor, and "[w]ithin 15 days after receipt of such notice, the telephone solicitor shall cease sending text message solicitations to the called party[.]" § 501.059(10)(a)(2)(c). Plaintiff may file a suit for damages under the FTSA "only if the called party does not consent to receive text messages from the telephone solicitor and the telephone solicitor continues to send text messages to the called party 15 days." *Id.* There is no 15-day period for plaintiffs seeking injunctive relief.

In his Complaint, Plaintiff alleges "[t]he Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim." Compl. at ¶ 3. However, in this case, the Court has dismissed the federal TCPA claim.[3] "When a district court dismisses, pursuant to Rule 12(b)(6), all claims over which it properly has original subject–matter jurisdiction, the district court may still, under § 1367(c), exercise its discretion to retain supplemental jurisdiction over related state–law claims. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (citing *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)). Typically courts decline to exercise supplemental jurisdiction when the federal claims are dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer–footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (internal footnotes omitted).

---

[3] Plaintiff's FTSA claim does not raise a federal question, nor does the claim meet the $75,000 amount in controversy threshold for diversity jurisdiction. Under the FTSA, a plaintiff may "recover actual damages or $500, whichever is greater." Fla. Stat. Ann. § 501.059. This is not sufficient to satisfy the diversity threshold.

"When all federal claims are eliminated before trial, the balance of factors to be considered—including judicial economy, convenience, fairness, and comity—typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims." *Lawtone-Bowles v. City of N.Y., Dep't of Sanitation*, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) (citing *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122–24 (2d Cir. 2006)). *See also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (courts must continue to "balance the traditional values of judicial economy, convenience, fairness, and comity."). The court in *Lawtone-Bowle*s found it was appropriate to decline to exercise supplemental jurisdiction over state-law claims at an "early stage in the litigation." 22 F. Supp. 3d at 352.

This case is in its early stages and no party has asked the court to exercise supplemental jurisdiction in the absence of the TCPA claim. Because this case is in its early stages, declining to exercise jurisdiction over the state law claim is not unfair to the parties. Dismissal of the state claim would not "require[e] the parties to expend additional years as well as dollars re-litigating in state court." *Catzin*, 899 F.3d at 86. A district court's "pressure to close cases must not overshadow the federal courts' paramount role of being a forum where disputes are efficiently and fairly resolved." *Id*. Fairness and comity weigh strongly against exercising supplemental jurisdiction.

 As such, Plaintiff's state law claim is **DISMISSED**.

### III.    Motion to Transfer

Because the Court has granted Defendant's motion to dismiss in full, it does not need to reach Defendant's motion to transfer.

### CONCLUSION

For the reasons set forth by the Court, Defendant Macys.com, LLC's motion to dismiss the TCPA claim for failure to state a claim is hereby **GRANTED**. Since the Court lacks original

jurisdiction over the FTSA claim and declines to exercise supplemental jurisdiction over that

claim, the FTSA claim is dismissed for lack of jurisdiction. Because the Court has dismissed all

claims, it does not need to reach Defendant's motion to transfer. The Clerk of Court is directed to

close this case.


**SO ORDERED.**


**Dated: September 29, 2023**
      **New York, New York**

                                **ANDREW L. CARTER, JR.**
                                **United States District Judge**